United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America, Plaintiff | ) ) ) | |
| v. | ) ) ) | Criminal Case No. 19-20660-CR-Scola |
| Victor Manuel DeJesus, Jr., Defendant. | ) ) | |

## Order Denying Motion for Sentence Reduction

This matter is before the Court on the Defendant Victor Manuel DeJesus Jr.'s motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Mot., ECF No. 152.) The Government has responded opposing DeJesus's motion. (Resp., ECF No. 156.) DeJesus has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** DeJesus's motion for reduction of sentence. (**Mot., ECF No. 152**.)

### 1. Background

DeJesus was a corrections officer employed by the Bureau of Prisons at FCI-Miami. (ECF No. 53.) He and his co-defendants, inmates incarcerated at the prison, received money from other inmates or those acting on the inmates' behalf in return for the introduction of contraband into the prison. (*Id.*) On October 10, 2019, a federal grand jury indicted DeJesus with conspiracy to defraud the United States and commit bribery (count one), bribery of a public official (counts two to seven), conspiracy to provide or possess contraband in prison (count eight), and provision and possession of contraband in prison (counts nine to fourteen). (ECF No. 1.) DeJesus pleaded guilty (ECF No. 52), and the Court sentenced him to 70 months in prison, followed by three years of supervised released. (J. 2-3, ECF No. 145.)

Since DeJesus was sentenced, the United States Sentencing Commission issued a sentencing adjustment for certain zero-point offenders, which provides, in relevant part, for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors" ("Amendment 821"). DeJesus now seeks retroactive application of Amendment 821 to the Court's judgment sentencing him to 70 months in prison and three years of supervised

release.

## 2. Legal Standard

"[A] motion to modify an otherwise final judgment pursuant to § 3582(c)(2) is a limited and narrow exception to the rule that final judgments are not to be modified." *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) (cleaned up). Specifically, § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582 (emphasis added). Thus, under § 3582(c)(2), the Court must undertake a two-step process to determine whether a final sentence should be modified based on a sentencing range that has been lowered by the Sentencing Commission.

First, the Court must determine if a retroactive amendment to the Sentencing Guidelines indeed lowered a defendant's guidelines range and whether a reduction is consistent with the applicable policy statements. Second, the Court must consider the § 3553(a) factors to determine if it will exercise its discretion to reduce that defendant's sentence. Among other things, the Sentencing Commission policy statement applicable here provides that a court "shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A).

Finally, the § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

### 3. Analysis

As noted, the retroactive amendment that DeJesus invokes here is Amendment 821—the adjustment for certain zero-point offenders. *See* U.S.S.G. § 4C1.1. Pursuant to Amendment 821, a defendant is eligible for a two-level reduction in his offense level, if he meets all the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*See id.*

Here, DeJesus plainly fails to meet requirement number ten—*i.e.*, that he "did not receive an adjustment under §3B1.1 (Aggravating Role)" *See id.* DeJesus did receive an adjustment under U.S.S.G. § 3B1.1 for being "an organizer or leader of criminal activity involving five or more participants or that was otherwise extensive." (*See* Sentencing Tr., ECF No. 155.) Thus, because DeJesus does not satisfy all the requisite criteria for a two-level reduction in his offense level, his motion must be denied.

Moreover, because DeJesus does not qualify for a reduction pursuant to Amendment 821, the Court declines to reach the second step of the analysis to consider the § 3553(a) factors.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ordered and adjudged**

that DeJesus's motion for reduction of sentence is **denied**. (**Mot., ECF No. 152**.)

**Done and ordered** at Miami, Florida on April 1, 2024.

Robert N. Scola, Jr.
United States District Judge